HUFF v. WATKINS.

1. The right to costs and the manner of adjusting them are matters not within the original jurisdiction of the Supreme Court, and cannot be here adjudged except on appeal from rulings in the court below upon those subjects.

2. Where a plaintiff sued in form *ex delicto*, and the defendant died before judgment, the action cannot be revived against the personal representative of the deceased. *Chaplin* v. *Barrett*, 12 *Rich.* 284, approved.

3. Enticing away a servant in another's employment is actionable as a tort only, and cannot be treated as an implied contract.

---

Before HUDSON, J., Newberry, November, 1883.

This was an action by William T. Huff against William Watkins, commenced May 16th, 1879. The complaint alleges that, about January 1st, 1879, the plaintiff employed one Jordan Butler to serve him as an agricultural laborer for and during that year, and that he did so serve the plaintiff for about the period of two months, receiving advances in the meanwhile from the plaintiff; that about March 1st the said Jordan Butler, secretly and without cause, left the employ of the said plaintiff and hired to the defendant; that the plaintiff at once gave notice, by public advertisement and to the defendant personally, that the services of Jordan Butler were due to the plaintiff for said year, and required the defendant to discharge him from his employ; that the defendant failed to discharge the said Jordan Butler, and still

continued to employ him, to the plaintiff's damage of $1,000, and demands judgment for $1,000 and the costs and disbursements of this action.   Other matters are stated in the opinion.

*Messrs. Moorman & Simkins,* for appellant, cited *Code,* § 142; 2 *Add. Torts* 538, note 1, 540, 558; *Toll. Ex.* 460–462; 1 *Chit. Pl.* 113, 153; *Code,* § 188; 2 *Wait Pr.* 356–365.

*Messrs. Suber & Caldwell,* contra, cited 3 *Bouv. Inst.* 173, §§ 2750–53; 12 *Rich.* 284; 37 *N. J.* 372; 58 *N. Y.* 282; 44 *Am. Dec.* 159; 1 *Bay* 58; 2 *Beav.* 159; 16 *Rep.* 575; 49 *L. T. N. S.* 5; *Code,* § 323.

March 8th, 1884.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an action to recover damages for enticing a servant employed by the plaintiff to leave his employment.   The case has been in this court twice before.   See 15 *S. C.* 83, and 18 *Id.* 510.   At the last hearing here, the verdict for defendant was set aside and the case sent back for a new trial, but before it was heard on Circuit for the third time, the defendant died, (October, 1883,) leaving a will, of which James F. Watkins became the qualified executor.   At the next term (November) of the court the plaintiff moved to substitute the executor as defendant, and to continue the action against him under section 142 of the code.   The Circuit judge held, that the cause of action, being the wrongful act of defendant, in hiring and retaining in his employment a servant of the plaintiff, is not such as survives against the personal representative of the defendant, and refused the motion.   He " ordered that the cause be stricken from the calendars of this court, each party paying his own costs in this court, and nothing herein shall, in any manner, prevent the clerk of this court from taxing the costs on the two judgments heretofore rendered in the Supreme Court, granting new trials to the plaintiff—the clerk in so doing to be governed by the rule of court and the law regulating costs on appeal to the Supreme Court."

From this order the plaintiff appeals to this court upon the ground that " the judge erred in refusing the plaintiff's motion

to continue the action against the executor of the defendant, and in granting the order abating the action." The parties, also by .agreement, submitted for the judgment of the court thereon, the following questions of law : " 1. Whether the plaintiff herein, having prevailed in his two appeals heretofore to the Supreme Court, and on each appeal obtained an order for a new trial, is entitled to costs against the estate of the defendant. 2. Whether, under rule 40 of the Circuit Court, the clerk of that court is now .authorized to record the judgments of the Supreme Court herein, :and enter abstracts thereof against the defendant, and thereunder to adjust the costs and disbursements in the Supreme Court—the defendant having died since the remittiturs were filed below. 3. And, if so, whether the clerk is authorized to do so before final judgment below, in case this court should reverse the order herein appealed from."

In reference to the questions of law submitted for the judgment of the court, it is only necessary to say that the matter of costs, either for services in this court or the Circuit Court, are not within our original jurisdiction. We have no right to adjudge anything upon the subject until it has been heard by the proper tribunal below and comes here on appeal, by way of correcting some alleged error of law. Any decision we might make could be nothing more than the opinion of three lawyers, and without the force of law.

As to what actions survive against the executor of one deceased, our law has not been changed by the late revision of the statutes. Section 2187 simply re-enacts the old statute of 4 *Edward III.*, c. 7, as to the right of executors to bring actions against trespassers upon the property of their testators in certain cases ; and section 123 of the code provides as follows : " If a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executors or administrators," &c. So that the question is still left open, as to what actions survive against the representatives of one deceased.

Without going into the learning upon the subject, and citing the array of authorities, which are not always in accord, we do

not know that the rule is better stated anywhere than by Judge Munro in *Chaplin* v. *Barrett, Adm'r,* 12 *Rich.* 284, where, citing from 1 *Chit. Pl.* 68, he says: "We have seen that the right of action for the breach of a contract, upon the death of either party, in general survives to or against the executor or administrator of each; but in the case of torts, where the action must be in form *ex delicto* for the recovery of damages, and the plea is not guilty, the rule at common law was otherwise, it being a maxim that *actio personalis moritur cum persona,* and we shall find that the statute 4 *Edward III., c.* 7, has altered this rule only in its relations to personal property, and in favor of the personal representative; but if the action can be framed in form *ex contractu,* the rule does not apply."

Then the important inquiry is, whether this action was for a breach of contract or for a tort, where the action must be in form *ex delicto.* The old forms of the different actions have been abolished, and there is now only one general form, so that the mere form throws very little light upon the subject. But it is not the form of action but the substance which furnishes the test of survivorship. Although the forms of action have been changed, the causes of action remain the same as formerly, and we agree with the Circuit judge, that the cause of action here was not *ex contractu,* but for damages on account of an alleged wrongful act of the testator, Watkins, in his life-time, like the old action on the case.

But it is urged that the old rule of the common law, as announced above, was found to be harsh and unjust, and, as a consequence, it was gradually relaxed until the doctrine was finally established, "That in all cases where the deceased actually had the property of the other party, so as to derive a benefit therefrom, so that a promise to pay therefor could be presumed or implied, while an action for tort could not be maintained, yet the tort could be waived and assumpsit maintained for the value of the property." 2 *Add. Torts* 539 and *note.* Accepting this to be the rule, it might be enough to say that this action, now proposed to be revived against the executor of Watkins, was brought against the testator in his life-time, not assumpsit on any supposed promise, express or implied, but clearly *ex delicto* for a

wrong done. The action has already taken form, and we have no authority to change its whole nature in order to revive it against the executor. Upon the face of the record itself the cause of action arose *ex delicto,* and, as it seems to us, was buried with the offender.

But if we had the power to change the form, as was said by Judge O'Neall in *Chalk* v. *McAlily,* 10 *Rich.* 94, " We do not see how the defendant's injury could by any ingenuity be turned into a contract." Among the numerous cases upon the subject, we have not been able to find one that decides the identical point as to an action on the case for harboring a servant. But we think that case falls within the principle upon which some of them proceed. Thus it has been held, that case for diverting a watercourse to the injury of another, dies with the person. *Holmes* v. *Moore,* 5 *Pick.* 257. Also an action for mesne profits while the testator was wrongfully in possession. *Harker* v. *Whitaker,* 5 *Watts* 474, and authorities in note to 2 *Add. Torts* 541.

The judgment of this court is that the judgment of the Circuit Court be affirmed.